[915 NYS2d 87]

In the Matter of NORMAN KEITH WHITE, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND, ELEVENTH, AND THIRTEENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, December 17, 2010

## APPEARANCES OF COUNSEL

*Diana Maxfield Kearse*, Brooklyn (*Diana J. Szochet* of counsel), for petitioner.

## OPINION OF THE COURT

Per Curiam.

The Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts (hereinafter the Grievance Committee) served the respondent with a petition, dated October 13, 2009, containing six charges of professional misconduct. After a hearing on December 7, 2009, the Special Referee sustained all six charges. The Grievance Committee now moves for an order confirming the report of the Special Referee and imposing such discipline as the Court deems appropriate. The respondent has neither cross-moved nor asserted any papers in reply, other than a letter from his counsel.

Charge one alleges that the respondent failed to properly safeguard funds entrusted to him as a fiduciary, incident to his practice of law, in violation of Code of Professional Responsibility DR 9-102 (a) and DR 1-102 (a) (7) (22 NYCRR 1200.46 [a]; 1200.3 [a] [7]).

Between approximately April 2007 and January 2008, the respondent maintained an account at JP Morgan Chase entitled "Norman Keith White, Esq., IOLA Trust Account Operating Account" (hereinafter IOLA account) into which funds entrusted to him as a fiduciary were deposited. On or about June 13, 2007, the respondent deposited $10,000 into his IOLA account, money given to him by CMS Holdings in connection with its purchase of Montague Subs from Aldorine Walker. Between that date and October 17, 2007, the respondent was required to maintain that amount on deposit. However, the balance was depleted to a low of $7,799.98 on October 10, 2007.

Charge two alleges that the respondent failed to properly safeguard funds entrusted to him as a fiduciary, incident to his practice of law, in violation of Code of Professional Responsibility DR 9-102 (a) and DR 1-102 (a) (7) (22 NYCRR 1200.46 [a]; 1200.3 [a] [7]).

On or about August 21, 2007, the respondent deposited $67,000 from Cezanne Outlet into his IOLA account relative to

the anticipated purchase of 350 S. 3rd Street, Brooklyn, New York. Between that date and October 16, 2007, the respondent was required to maintain that amount on deposit. However, the balance was depleted to a low of $64,447.37 on October 1, 2007.

Charge three alleges that the respondent commingled funds entrusted to him as a fiduciary, incident to his practice of law, with personal funds, in violation of Code of Professional Responsibility DR 9-102 (a) and DR 1-102 (a) (7) (22 NYCRR 1200.46 [a]; 1200.3 [a] [7]).

In addition to funds entrusted to him as a fiduciary, the respondent also deposited and/or maintained personal funds in his IOLA account. Between approximately July 5, 2007 and November 27, 2007, he paid personal expenses from his IOLA account including, but not limited to, his personal mortgage.

Charge four alleges that the respondent made improper cash withdrawals from his IOLA account, in violation of Code of Professional Responsibility DR 9-102 (e) and DR 1-102 (a) (7) (22 NYCRR 1200.46 [e]; 1200.3 [a] [7]).

Between approximately April 2007 and January 2008 the respondent maintained a separate business account at JP Morgan Chase entitled "Norman Keith White, Esq." Between approximately June 25, 2007 and October 29, 2007, the respondent made at least 33 electronic transfers from his IOLA account to his business account. Between September 21, 2007 and November 23, 2007, the respondent made at least five cash withdrawals from his IOLA account.

Charge five alleges that the respondent failed to produce financial records he was required to maintain, which were requested by the Grievance Committee, in violation of Code of Professional Responsibility DR 1-102 (a) (5) and (7) and DR 9-102 (d) (1) (22 NYCRR 1200.3 [a] [5], [7]; 1200.46 [d] [1]).

By letter dated January 9, 2008, the Grievance Committee requested that the respondent produce records of all deposits in and withdrawals from his IOLA account for a period of six months specifically identifying the date, source, and description of each item deposited, as well as the date, payee, and purpose of each withdrawal or disbursement; a record showing the source of all funds deposited in the account, the names of all persons for whom the funds were held, the amount of such funds, the description and amounts, and the names of all persons to whom such funds were disbursed; all checkbooks and check stubs, bank statements, prenumbered cancelled checks

(front and back) and duplicate deposit slips; and a ledger book or similar record. The respondent submitted only bank statements.

By letter dated February 20, 2008, the Grievance Committee requested that the respondent produce deposit slips for all deposits made into his IOLA account for the period April 1, 2007 through January 31, 2008; all cancelled checks for his IOLA account for that period; and a ledger book or similar record, as well as checkbooks and/or check stubs. The respondent failed to comply.

Charge six alleges that the respondent failed to maintain required bookkeeping records, in violation of Code of Professional Responsibility DR 9-102 (d) and DR 1-102 (a) (7) (22 NYCRR 1200.46 [d]; 1200.3 [a] [7]).

The respondent failed to maintain deposit slips for all deposits made into his IOLA account for the period April 1, 2007 through January 31, 2008, all cancelled checks for that period and a ledger book or similar record for his IOLA account.

Based on the evidence adduced, the Special Referee properly sustained all six charges. The Grievance Committee's motion to confirm the Special Referee's report is granted.

In determining an appropriate measure of discipline to impose, the Grievance Committee submits that the respondent has no prior disciplinary history. Although the respondent has not submitted any papers in response to the Grievance Committee's motion to confirm, the respondent's counsel submitted a one-page memorandum, dated January 13, 2010, along with a letter from an attorney who has known the respondent for over 12 years and who vouches for his good character and integrity.

The respondent's counsel made the following submission:

> "Mr. White I feel demonstrated his foolishness and inexperience by what has occurred. He was obviously confused by the bank's error's [sic] and foolishly relied upon the advice of a bank person. I think Mr. White was honest if confused . . .

> "In addition I would ask you to consider that no one lost money as a result of Mr. Whites [sic] foolish acts."

While the respondent is guilty of serious professional misconduct, he has an unblemished record and no client has suffered financial detriment. Under the totality of circumstances, he is suspended from the practice of law for a period of two years.

PRUDENTI, P.J., MASTRO, RIVERA, SKELOS and FISHER, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report is granted; and it is further,

Ordered that the respondent, Norman Keith White, is suspended from the practice of law for a period of two years, commencing January 28, 2011, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than July 30, 2012. In such application, the respondent shall furnish satisfactory proof that during said period he (1) refrained from practicing or attempting to practice law, (2) fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10), (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11 (c) (2), and (4) otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Norman Keith White, shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Norman Keith White, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).